# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

**YENY GARCIA**, and
**JOSE GUILLEN JUAREZ**

    *Plaintiffs,*

    v.

**JOSEPH B. EDLOW**, Director, U.S. Citizenship and Immigration Services (USCIS); **KRISTI NOEM**, Secretary, U.S. Department of Homeland Security (DHS); **SARAH KENDALL**, Acting Associate Director of the Field Operations Directorate, USCIS; **TERRI ROBINSON**, Director of the National Benefits Center, USCIS; **EILEEN LOPEZ-TOME**, Miami Field Office Director, USCIS

    *Defendants.*

CASE NO.

## COMPLAINT FOR MANDAMUS, APA JUDICIAL REVIEW, AND DECLARATORY RELIEF

**COMES NOW**, Plaintiffs, YENY GARCIA and JOSE GUILLEN JUAREZ, by and through undersigned counsel, and respectfully submit this Complaint for Mandamus Relief pursuant to 28 U.S.C. §§ 1361 and 1651, Judicial Review under the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., and Declaratory Relief pursuant to 28 U.S.C. § 2201, in conjunction with federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs bring this action to challenge U.S. Citizenship and Immigration Services' (USCIS) failure

1

to render a timely decision on their Form I-130, Petition for Alien Relative, which has remained pending for more than six years, including nearly one year after their in-person interview, in violation of federal law. In support hereof, Plaintiffs respectfully state as follows:

## INTRODUCTION

1. Yeny Garcia and Jose Guillen Juarez ("Plaintiffs") respectfully file this Petition for Writ of Mandamus to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate a Form I-130, Petition for Alien Relative, that has remained pending without final decision for over seven (7) years.

2. Plaintiff Garcia, a naturalized United States citizen, filed the I-130 petition on behalf of her husband, Plaintiff Guillen Juarez, on February 12, 2018. Although the petition was properly filed, and the parties appeared for an in-person interview on August 14, 2024, no final determination has been issued.

3. Instead, Plaintiffs were issued vague correspondence from USCIS on April 5, 2025, stating that the case would be delayed an additional six months, without providing a substantive reason for the delay or any indication that meaningful progress had been made.

4. The government's delay in this case is not only excessive by any reasonable standard but also unjustified under applicable statutes and regulations. The delay has caused significant emotional, financial, and legal hardship to the Plaintiffs and continues to infringe upon their statutory rights to family unity and due process under the Immigration and Nationality Act ("INA").

5. Plaintiffs now seek judicial intervention to compel agency action that has been unlawfully withheld or unreasonably delayed under the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1), and to vindicate their rights under federal law through the extraordinary relief afforded by a writ of mandamus.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 8 U.S.C. § 1329, which grants jurisdiction to the district courts of the United States over all civil actions arising under the Immigration and Nationality Act. This includes the adjudication of visa petitions such as the I-130 petition at issue in this case.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1361. The mandamus statute vests original jurisdiction in the federal courts. It provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action arises under the Immigration and Nationality Act and the Administrative Procedure Act.

9. This Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., in combination with 28 U.S.C. § 1331. *See Califano v. Sanders*, 430 U.S. 99, 105–07 (1977); *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142–44 (11th Cir. 2009).

10. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

11. Plaintiffs lack any further statutorily, administratively, or judicially available remedy. See 5 U.S.C. § 704.

12. This Court is further authorized under 5 U.S.C. § 706 to "compel agency action unlawfully withheld or unreasonably delayed" and to set aside agency actions that

3

are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

13. Declaratory judgment jurisdiction is proper under 28 U.S.C. §§ 2201–2202, which authorizes federal courts to "declare the rights and other legal relations of any interested party."

14. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(e)(1)(B), (C), because this is an action against officers and agencies of the United States in their official capacities, a substantial part of the events and omissions giving rise to the claim occurred in this District, and both Plaintiffs reside in Miami-Dade County, Florida. No real property is involved in this action.

## PARTIES

15. Plaintiff, Yeny Garcia, is a naturalized United States citizen residing in Miami-Dade County, Florida. She is the petitioner in the underlying Form I-130, Petition for Alien Relative, which was properly filed on February 12, 2018, on behalf of her husband, Plaintiff Jose Guillen Juarez. She has fully complied with all statutory and regulatory requirements applicable to the petition process.

16. Plaintiff, Jose Guillen Juarez, is a citizen of Mexico and the beneficiary of the Form I-130 petition filed by his U.S. citizen spouse. He resides with Plaintiff Garcia in Miami-Dade County, Florida. He has appeared for all required interviews and complied with all agency requests related to the adjudication of his immigration benefits.

17. Defendant, Joseph B. Edlow, is the Director of the United States Citizenship and Immigration Services (USCIS), a component of DHS. He is charged with directing the agency's operations, including the adjudication of immigrant petitions. He is sued in his official capacity.

18. Defendant, Kristi Noem, is the Secretary of the United States Department of Homeland Security (DHS), the federal agency with overall responsibility for enforcing immigration laws and overseeing the agencies responsible for administering immigration benefits. She is sued in her official capacity.

19. Defendant, Sarah Kendall, is the Acting Associate Director of the Field Operations Directorate within USCIS. In this capacity, she oversees the operations of field offices responsible for conducting interviews and making determinations on petitions such as the Form I-130 at issue in this matter. She is sued in her official capacity.

20. Defendant, Terri Robinson, is the Director of the USCIS National Benefits Center (NBC), which is responsible for pre-processing and initial case review functions for immigration petitions, including I-130 petitions. The NBC played a key role in the handling and transfer of the Plaintiffs' petition. She is sued in her official capacity.

21. Defendant, Eileen Lopez-Tome, is the USCIS Miami Field Office Director, which has jurisdiction over Plaintiffs' Form I-130. She is sued in her official capacity. As District Director, she oversees the daily operation, processing, and adjudication of Form I-130 petitions submitted by residents of South Florida, including the Plaintiffs.

**BACKGROUND**

22. The Form I-130, Petition for Alien Relative, is the initial and essential step in the process by which a U.S. citizen or lawful permanent resident may sponsor certain family members to immigrate to the United States.

23. The I-130 establishes the qualifying family relationship between petitioner and beneficiary, thereby making the beneficiary eligible to apply for lawful permanent

residence, either through adjustment of status within the United States or consular processing abroad.

24. Congress established the I-130 framework as part of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1154, and delegated authority for its administration to the U.S. Citizenship and Immigration Services (USCIS), a component agency of the Department of Homeland Security (DHS). *See* 6 U.S.C. § 271(b)(1), 8 C.F.R. § 204.1.

25. The I-130 process is governed by statute and regulation, and it imposes a nondiscretionary duty on USCIS to adjudicate all properly filed petitions.

26. Upon approval of the I-130 petition, the beneficiary becomes eligible to apply for an immigrant visa or adjustment of status, depending on their location and eligibility.

27. USCIS's obligation to act on an I-130 petition is not open-ended. The agency must process and decide each petition "within a reasonable time." *See* 5 U.S.C. § 555(b). Courts across jurisdictions have consistently recognized that an unreasonable delay in the adjudication of immigration petitions may give rise to relief under the Administrative Procedure Act (APA) and through a petition for a writ of mandamus.

28. The agency's own published processing timelines generally reflect an average of 6 to 12 months for the adjudication of I-130 petitions involving U.S. citizen spouses. These timeframes are based on agency metrics and resource allocation, and they reflect what the government itself considers normal and reasonable.

29. After the submission of a Form I-130, USCIS typically issues a Form I-797 Receipt Notice confirming acceptance of the petition. The case is then assigned for processing, which includes background checks and a review of all submitted evidence.

30. In many cases, USCIS will schedule an in-person interview at a local field office. This interview is a critical stage in the adjudication process and is intended to allow USCIS to question both parties under oath regarding the nature and history of their relationship, living arrangements, joint finances, and other indicia of marital bona fides.

31. USCIS is expected to issue a decision shortly after the interview, either approving the petition, requesting further evidence (via a Request for Evidence or RFE), or issuing a Notice of Intent to Deny (NOID).

32. In most cases involving immediate relatives of U.S. citizens, including spouses, a decision is issued within weeks or months of the interview.

33. Federal courts have repeatedly held that when a petition has been pending for multiple years without resolution and particularly where an interview has already been conducted and no additional action has occurred, the delay becomes presumptively unreasonable. *See Moreno v. Wolf*, 558 F. Supp. 3d 1357 (N.D. Ga. 2021); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004); *Yu v. Brown*, 36 F. Supp. 2d 922, 931–32 (D.N.M. 1999); *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005).

34. The I-130 petition is also foundational to other rights and legal processes. For the petitioner, delays in adjudication deny the ability to reunify with a loved one under the protections of U.S. immigration law. For the beneficiary, such delays block lawful access to employment authorization, travel permission, and the stability afforded by permanent resident status.

35. In recent years, plaintiffs in similar situations have increasingly turned to federal courts to remedy prolonged agency inaction, particularly where the agency fails to issue a decision long after interviews are completed or case documentation is deemed sufficient. *See Belegradek v. Gonzales*, 523 F. Supp. 2d 1364 (N.D. Ga. 2007);

*Saleh v. Ridge*, 367 F. Supp. 2d 508, 512–13 (S.D.N.Y. 2005); *Singh v. Still*, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007).

36. The Administrative Procedure Act, 5 U.S.C. §§ 555 and 706, permits individuals aggrieved by agency delay to seek judicial intervention where a decision is "unlawfully withheld or unreasonably delayed."

37. Courts evaluating APA delay claims weigh factors such as the length of delay, the agency's justification (if any), the impact on human welfare, and whether the delay undermines the statutory scheme. *See Telecomms. Rsch. & Action Ctr. v. FCC* ("TRAC"), 750 F.2d 70, 79–80 (D.C. Cir. 1984).

38. Plaintiffs have fulfilled every obligation placed upon them: they filed a complete and properly supported petition, responded to agency correspondence, appeared for a scheduled interview, and received no indication of fraud, ineligibility, or further required action.

39. On April 5, 2025, nearly seven years after the petition was filed, USCIS issued correspondence suggesting that the case would remain pending for an additional six months. No explanation or lawful justification accompanied this notice, and no adjudicatory progress has been made since the interview.

40. Plaintiffs remain in legal limbo due solely to agency inaction. The delay in this case has become unreasonable as a matter of law, violates the APA, and frustrates the purpose of the INA, which is to promote family unity through prompt adjudication of valid immigrant petitions.

41. This inaction violates both the INA and the APA, depriving Plaintiffs of the legal rights and protections that Congress intended to afford family-based immigrant petitioners.

42. It is precisely the type of indefinite administrative delay that the APA and mandamus jurisdiction exist to remedy.

## **FACTUAL ALLEGATIONS**

43. Plaintiff Yeny Garcia is a naturalized United States citizen and a resident of Miami-Dade County, Florida. She was naturalized on October 3, 2005, and currently resides in Miami, Florida, which lies within the jurisdiction of the Southern District of Florida. See Exhibit A.

44. Plaintiff Jose Guillen Juarez is a citizen of Mexico and the spouse of Plaintiff Yeny Garcia. He resides with her in Miami-Dade County, Florida. See Exhibit B.

45. On February 12, 2018, Plaintiff Garcia properly filed a Form I-130, Petition for Alien Relative, with USCIS, seeking to establish her marital relationship with Plaintiff Guillen Juarez for the purpose of conferring lawful permanent resident status. See Exhibit C.

46. USCIS accepted the filing and issued a Form I-797 Receipt Notice, confirming receipt of the petition and assigning case number LIN1890241093.

47. Between 2018 and 2025, Plaintiffs complied with all requests made by USCIS, including submitting documentation verifying the legal and bona fide nature of their marriage, such as joint tax returns, lease agreements, photographs, and affidavits. No Request for Evidence (RFE) or Notice of Intent to Deny (NOID) was issued during this period.

48. On August 14, 2024, Plaintiffs appeared for an in-person interview at the designated USCIS field office. The interview was conducted by a USCIS officer, during which both Plaintiffs responded to questions under oath and provided all required documentation. The interview proceeded without issue and was completed on the same day.

49. Following the interview, Plaintiffs were advised that their case was under review. No further action or follow-up was requested by USCIS in the months following the interview.

50. On April 5, 2025, Plaintiffs received correspondence from USCIS stating that the case would be subject to an additional delay of six (6) months. The letter provided no substantive reason for the delay and did not identify any outstanding issues or requests for evidence. See Exhibit D.

51. As of the date of this filing, more than seven (7) years have passed since the I-130 petition was filed and over eleven months have passed since the completion of the interview. Despite this passage of time, USCIS has failed to issue a decision. See Exhibit E.

52. Plaintiffs have made multiple inquiries to USCIS regarding the status of their case, including online case status checks, calls to the USCIS Contact Center, and the submission of online service requests. These efforts have failed to produce any meaningful response or resolution.

53. Plaintiffs have not been asked to submit any additional documentation, nor have they received any notice that their case is subject to further investigation, fraud review, or administrative hold.

54. There is no indication that the delay in adjudication is due to any conduct or omission by Plaintiffs. They have cooperated fully with the agency throughout the process and have complied with every procedural and evidentiary requirement.

55. The continued failure of USCIS to adjudicate the I-130 petition is not based on any statutory exemption or discretionary policy. Rather, it represents an unlawful and unexplained delay in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1), and the Immigration and Nationality Act.

56. Plaintiffs have exhausted all administrative remedies available to them. No further internal avenue exists to compel a decision or obtain timely adjudication of the I-130 petition.

57. The delay in this case is arbitrary, capricious, and not in accordance with law. It has caused Plaintiffs undue hardship, including emotional distress, legal uncertainty, and prolonged separation from the benefits and stability associated with lawful permanent resident status.

58. USCIS's failure to issue a decision for over seven years, and for nearly a year after the interview, constitutes agency action that has been unlawfully withheld or unreasonably delayed within the meaning of the APA, 5 U.S.C. § 706(1).

## CLAIMS FOR RELIEF

## COUNT I

### Violation of the Mandamus Act, 28 U.S.C. § 1361

59. Plaintiff re-alleges and incorporates by reference the paragraphs one (1) through fifty-eight (58) as though fully set forth herein.

60. Pursuant to 28 U.S.C. § 1361, this Court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is appropriate where: (1) the plaintiff has a clear and certain right to the relief sought; (2) the defendant has a non-discretionary, ministerial duty to perform the act in question; and (3) no other adequate remedy is available.

61. Plaintiffs satisfy all three elements required for mandamus relief.

62. First, Plaintiffs have a clear and certain right to a timely adjudication of the Form I-130 petition under both the Immigration and Nationality Act and the Administrative Procedure Act. The right to petition for an immediate relative is explicitly protected by statute and implementing regulations, and once such a petition is properly filed and supported, USCIS is obligated by law to act.

63. Second, USCIS and its officers have a clear, non-discretionary duty to adjudicate properly filed I-130 petitions. This duty arises under 8 U.S.C. § 1154(a)(1)(A)(i), which authorizes the filing of family-based immigrant petitions by U.S. citizens and imposes a corresponding responsibility on USCIS to process and resolve those petitions. Federal regulations and agency policy make clear that this duty is mandatory, not discretionary.

64. The duty to act is further reinforced by 5 U.S.C. § 555(b), which requires that agency matters be concluded "within a reasonable time." The duty to decide, regardless of the outcome, is not discretionary; USCIS cannot lawfully delay or withhold adjudication indefinitely.

65. Third, Plaintiffs have no adequate remedy other than this action. They have exhausted all administrative channels by making multiple inquiries and complying with all agency requests. Despite their diligence, the agency has taken no final action on a petition that has now been pending for over seven years.

66. The interview in this case, ordinarily one of the final steps in adjudication, was completed nearly a year ago, and yet no decision has been issued. Plaintiffs have not been asked to submit further documentation, nor have they been notified of any fraud concerns, administrative holds, or investigatory needs. USCIS has offered no lawful justification for the continued delay.

67. The Southern District of Florida has repeatedly recognized that mandamus relief is available where agency inaction causes undue hardship and violates statutory obligations. When an applicant has no other legal avenue to compel adjudication, a writ of mandamus serves to restore agency compliance with federal law.

68. Plaintiffs have suffered, and continue to suffer material harm as a result of the agency's inaction, including prolonged separation from immigration benefits, uncertainty in legal status, disruption to employment and travel planning, and emotional and psychological strain.

69. Mandamus is particularly appropriate where, as here, the underlying duty is clear, the delay is excessive, and the petitioner has exhausted all reasonable alternatives. USCIS's failure to act is not attributable to workload surges, national security concerns, or individualized case complexity. Rather, it reflects an administrative failure to carry out a ministerial function mandated by law.

70. Plaintiffs respectfully request that this Court issue a writ of mandamus compelling USCIS and all appropriate officials to adjudicate the I-130 petition forthwith and to provide any additional relief the Court deems just and proper.

## COUNT II
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(1)

71. Plaintiff re-alleges and incorporates by reference the paragraphs one (1) through fifty-eight (58) as though fully set forth herein.

72. The Administrative Procedure Act ("APA") imposes a duty on federal agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). The APA further empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

73. The Form I-130, Petition for Alien Relative, is a formal petition established by statute and implemented through federal regulations. USCIS is required to adjudicate all properly filed petitions, and nothing in the INA authorizes indefinite delay. Plaintiffs' petition has now been pending for more than seven years.

74. Plaintiffs completed all statutory and procedural requirements: the petition was properly filed in February 2018, all requested documentation was provided, and both Plaintiffs appeared for a full USCIS interview on August 14, 2024. No Request for Evidence (RFE), Notice of Intent to Deny (NOID), or follow-up action has been initiated since that date.

75. USCIS's April 5, 2025 correspondence merely stating that the case would be further delayed by six months, without offering a reason or basis, demonstrates a pattern of inaction that lacks any rational connection to law or policy.

76. As of the date of this filing, USCIS has failed to issue any decision or justification for continued delay. The total time elapsed, more than seven years, including nearly one full year after interview, exceeds any reasonable or statutorily implied timeline under the INA and APA.

77. Under the APA, agency delay becomes unreasonable when: (1) the delay is excessive in comparison to statutory or typical processing times; (2) the petitioner has fully complied with procedural requirements; and (3) the delay causes significant hardship.

78. Each of those factors is present in this case. USCIS's own published processing times for marriage-based I-130 petitions fall far short of the delay Plaintiffs have endured. The agency has not offered any case-specific explanation to justify this prolonged inaction.

79. Plaintiffs are entitled to judicial review under 5 U.S.C. § 702 and have suffered a concrete and particularized injury as a result of the agency's failure to timely act on their petition. This includes the denial of lawful permanent residency, the inability to move forward with employment authorization or travel documentation, and ongoing emotional and financial stress.

80. There is no provision of law that permits USCIS to take an unlimited amount of time to render a decision on a petition that has been fully briefed, fully interviewed, and otherwise ready for adjudication.

81. Plaintiffs seek a declaration that USCIS's continued delay violates the APA and a court order compelling the agency to adjudicate the I-130 petition without further delay.

## COUNT III

### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)

82. Plaintiff re-alleges and incorporates by reference the paragraphs one (1) through fifty-eight (58) as though fully set forth herein.

83. The Administrative Procedure Act ("APA") imposes a duty on federal agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). The APA further empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

84. The Form I-130, Petition for Alien Relative, is a formal petition established by statute and implemented through federal regulations. USCIS is required to adjudicate all properly filed petitions, and nothing in the INA authorizes indefinite delay. Plaintiffs' petition has now been pending for more than seven years.

85. Plaintiffs completed all statutory and procedural requirements: the petition was properly filed in February 2018, all requested documentation was provided, and both Plaintiffs appeared for a full USCIS interview on August 14, 2024. No Request for Evidence (RFE), Notice of Intent to Deny (NOID), or follow-up action has been initiated since that date.

86. USCIS's April 5, 2025 correspondence merely stating that the case would be further delayed by six months, without offering a reason or basis, demonstrates a pattern of inaction that lacks any rational connection to law or policy.

87. As of the date of this filing, USCIS has failed to issue any decision or justification for continued delay. The total time elapsed, more than seven years, including nearly one full year after interview, exceeds any reasonable or statutorily implied timeline under the INA and APA.

88. The Southern District of Florida and other federal courts have recognized that, under the APA, agency delay becomes unreasonable when: (1) the delay is excessive in comparison to statutory or typical processing times; (2) the petitioner has fully complied with procedural requirements; and (3) the delay causes significant hardship.

89. Each of those factors is present in this case. USCIS's own published processing times for marriage-based I-130 petitions fall far short of the delay Plaintiffs have endured. The agency has not offered any case-specific explanation to justify this prolonged inaction.

90. Plaintiffs are entitled to judicial review under 5 U.S.C. § 702 and have suffered a concrete and particularized injury as a result of the agency's failure to timely act on their petition. This includes the denial of lawful permanent residency, the inability to move forward with employment authorization or travel documentation, and ongoing emotional and financial stress.

91. There is no provision of law that permits USCIS to take an unlimited amount of time to render a decision on a petition that has been fully briefed, fully interviewed, and otherwise ready for adjudication.

92. Plaintiffs seek a declaration that USCIS's continued delay violates the APA and a court order compelling the agency to adjudicate the I-130 petition without further delay.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

93. Accept jurisdiction over this matter and review Defendants' failure to adjudicate Plaintiffs' Form I-130, Petition for Alien Relative;

94. Declare, pursuant to 28 U.S.C. § 2201, that USCIS's prolonged delay in adjudicating Plaintiffs' I-130 petition is unlawful and constitutes agency action unreasonably delayed and unlawfully withheld in violation of 5 U.S.C. §§ 555(b) and 706;

95. Order, pursuant to 28 U.S.C. §§ 1361 and 1651, that Defendants adjudicate Plaintiffs' Form I-130 within a time frame to be set by this Court, due to the breach of their mandatory, non-discretionary duty;

96. Issue injunctive relief directing Defendants to promptly complete any and all remaining steps necessary to finalize adjudication of Plaintiffs' petition without further delay;

97. Award Plaintiffs their reasonable costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a)–(b); and

98. Grant any other relief this Court deems just and proper.


Respectfully submitted,


s/Eduardo Soto                                                                                          July 23, 2025
Eduardo Soto, Esq.                                                                                          Date
Florida Bar No. 0858609
Eduardo Soto & Associates, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Office: (305) 446-8686
Fax: (305) 529-0445

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 23, 2025, I electronically filed the forgoing document with the Clerk of Court using PACER. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by PACER or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

<u>s/ Eduardo Soto</u>                                                                                       <u>July 23, 2025</u>
Eduardo Soto, Esq.                                                                                                Date
The Law Office of Eduardo Soto, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Tel.: (305) 446-8686 Fax.: (305) 529-0445

## **EXHIBIT LIST**

**Exhibit A**         Copy of Yeny Garcia's Passport and Certificate of Naturalization

**Exhibit B**         Copy of Jose Guillen Juarez's Passport

**Exhibit C**         Copy of Plaintiff's Notice of Filing Form I-130, Receipt No. LIN1890241093, Dated February 12, 2018

**Exhibit D**         Copy of USCIS Correspondence to Plaintiff, Dated April 5, 2025

**Exhibit E**         USCIS Online Case Status Search